IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ROBERT L. BACKMAN, | Cause No. CV 25-115-BU-BMM |
| Plaintiff, | |
| vs. | ORDER |
| SGT. SLYNGSTAD, OFFICER THORN, and DOE OFFICERS, | |
| Defendants. | |

Plaintiff Robert L. Backman filed a 42 U.S.C. § 1983 Complaint alleging violations of his constitutional rights. (Doc. 2.) The Complaint as drafted failed to state a claim and Backman was directed to amend. (Doc. 8.) This matter was consolidated with another case filed by Backman. The Court ordered Backman to file an Amended Complaint that contains all of his mail-related claims against Gallatin County. (Doc. 10.) Backman's consolidated Amended Complaint fails to state a claim for relief and is dismissed. (Doc. 11.)

The analysis of the Court's prior Order is incorporated by reference. (Doc. 10.) Backman has named two individual defendants, Sergeant Slyngstad and Officer Thorn, and two Doe defendants, in response to the Court's prior direction.

1

(Doc. 11 at 2 – 3.) Backman's sole allegation that identifies the actions of a defendant is that Officer Thorn took Backman's mail from his cell door on November 10, 2025, and never mailed it. (Doc. 11 at 5.) Backman has named Does and Slyngstad but has alleged no facts to show their involvement.

Second, Backman's allegations regarding his mail lack sufficient facts to state a claim. Backman has modified his claims, and his only claim is that some mail from him to the federal court was not mailed for many days. The Court previously advised Backman that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. This new allegation is entirely different from his previous Complaints, but also does not state a claim. Backman does not allege any injury from his delayed mail. Backman does not allege that he was not eventually made aware of the problem. Backman does not allege that he could not remail the letter, or that he suffered the loss of some legal right related to the mail. Backman fails to state a claim for a constitutional violation related to his mail at Gallatin County.

Backman also adds a vague claim about the grievance process at Gallatin County, but in this context, that is not a stand-alone claim. Backman's allegation is not clear, saying that he "never got [his] 1 in 24-hour grievance on this subject." (Doc. 11 at 7.) Backman may be alleging that he should have had more of an opportunity to grieve the mail process, but he fails to allege sufficient facts to show

any issue with his grievances states a constitutional claim.

### III.  CONCLUSION

Backman's Amended Complaint fails to state a claim upon which relief may be granted.

Accordingly, **IT IS ORDERED** that:

1.      Backman's Amended Complaint is **DISMISSED** for failure to state a claim. The Clerk of Court shall close this matter and enter judgment.

2.      The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The Clerk of Court shall also have the docket reflect that the dismissal of this Complaint counts as a strike against Backman within the meaning of 28 U.S.C. § 1915.

DATED this 9th day of March, 2026.

Brian Morris, Chief District Judge
United States District Court

3